UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Larry Holmberg, | Case No: 17-CV-01577 PJS/LIB |
| Plaintiff, | |
| v. | **PLAINTIFF'S RESPONSIVE MEMORANDUM OF LAW OPPOSING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MOTION FOR A MORE DEFINITE STATEMENT UNDER FED.R.CIV.P. 12(e)** |
| Jeff Peel, *et al.*, | |
| Defendants. | |

TO: THE HONORABLE JUDGE OF THE ABOVE-COURT AND DEFENDANTS, ABOVE-NAMED, THROUGH THEIR ATTORNEY OF RECORD VIA ECF:

Plaintiff, Larry Holmberg ("Plaintiff"), respectfully submits this responsive memorandum of law in opposition to Defendants, Jeff Peel, Tara Peel, Benjamin Stern, Benjamin Thorud and Tactacam, LLC (collectively "Defendants"), motion to dismiss Plaintiff's complaint and motion for a more definite statement under Fed.R.Civ.P. 12(e).

## PROCEDURAL POSTURE/ FACTS ALLEGED

Plaintiff and Defendant J. Peel entered into a valid and binding non-exclusive licensing agreement in March 2014. Complaint, Doc. 1-1, ¶¶11-22; 96. The technology

that was licensed was defined and specified in the parties' licensing agreement and the two schedules attached to it. Affidavit of Larry Holmberg, ¶¶3-14—Exhs. 1-11. Defendant Tactacam has been offering for sale, selling and paying for products covered by the licensing agreement. Complaint, Doc. 1-1, ¶71.

Despite an admittedly rocky relationship, Defendant Tactacam made payments under the licensing agreement by submitting mostly untimely checks and erratic, underreported and inaccurate, sales reports to Plaintiff. *Id.*, ¶¶22-38; 43-51. The payments stopped at the end of 2016. *Id.,* ¶90.

Defendant J. Peel and/or Defendant Tactacam has claimed ownership of the patented technology at issue. *Id.*, ¶52. In August 2016, Plaintiff exercised his right to an audit under the agreement that showed irregularities and was met with obstructionist tactics by Defendants. *Id.*, 60-89. Defendant Tactacam still offered the same products for sale it had been paying royalties on and continues to offer the same products for sale today. *Id.*, ¶¶121-122.

Plaintiff initiated this action in State court alleging causes of action under Minnesota state common law and under a Minnesota statute for:

1) Breach of Contract: Failure to Pay Royalties; Royalties Reporting (Against Defendant J. Peel);

2) Count II: Breach of Contract: Assignment (Against Defendant J. Peel);

3) Breach of Covenant of Good Faith and Fair Dealing (Against Defendant J. Peel)

4) Unjust Enrichment (Against All Defendants);

5) Injunctive Relief/Accounting (Against All Defendants);

6) Wrongful Interference with Contractual Relations (Against Defendant T. Peel, Defendant Stern, Defendant Thorud and Defendant Tactacam); and

7) Declaratory Judgment (Against all Defendants).

*Id.*, ¶¶95-144.

Plaintiff's Complaint is replete with detail and "weigh[s] in at 30 pages and 144 separate paragraphs"(Def. Memo, Doc. 10, p. 2) that set forth detailed factual allegations supporting each and every element of the seven claims asserted. When those allegations are taken as true, Plaintiff's Complaint indisputably states a claim to relief that is plausible on its face in satisfaction of the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure and the Supreme Court decisions in *Twombly* and *Iqbal*.

Defendants have moved to dismiss Plaintiff's well-pled Complaint by attempting to convert this state court action to enforce a contract into a patent infringement action. Doc. 10, pp. 3-5. Defendants removed the case based on diversity jurisdiction and now argue for its dismissal due to purported failure to identify the products sold that require payment of royalties. *Id*.

Defendants also move for the dismissal of the individual defendants, except Defendant J. Peel, and including Defendant Tactacam. *Id*, pp. 5-6. Alternatively, Defendants move

for a more definite statement that requires the heightened pleading of an infringement claim under the Patent ACT. *Id*. p. 7, FN 2.[1]

## Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. *Ashley County, Ark. v. Pfizer, Inc.,* 552 F.3d 659, 665 (8th Cir.2009). In addition, "the court must resolve any ambiguities concerning the sufficiency of the plaintiffs' claims in favor of the plaintiffs, and give the plaintiffs the benefit of every reasonable inference drawn from the well-pleaded facts and allegations in their complaint." *Merch. & Gould, PC v. Premiere Glob. Services, Inc.*, 749 F. Supp. 2d 923, 930 (D. Minn. 2010); *Ossman v. Diana Corp.*, 825 F.Supp. 870, 880 (D.Minn.1993) (internal quotation marks and citations omitted).

Federal Rule of Civil Procedure 8(a)(2), "generally requires only a plausible 'short plain' statement of the plaintiff's claim," showing that the plaintiff is entitled to relief. A complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Fabian v. Fulmer Helmets, Inc.*, 628 F.3d 278, 280 (6th Cir.2010). This plausibility standard is met when "the plaintiff pleads factual

---

[1] Plaintiff's counsel had offered to provide a more detailed Complaint during a post-filing call with defense counsel that was neither rejected, accepted or inquired into further.

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (*citing Twombly,* 550 U.S. at 556, 127 S.Ct. (1955)). Although the standard "asks for more than a sheer possibility that a defendant has acted unlawfully," it is not "akin to a probability requirement." *Id.*; *see also Twombly*, 550 U.S. at 556, 127 S.Ct. 1955 ("[O]f course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.") (internal quotations and citation omitted); *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam) ("Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' ") *(quoting Twombly*, 550 U.S. at 555, 127 S.Ct. 1955 (citation omitted) (internal quotation marks omitted)). A complaint that merely pleads facts that are consistent with a defendant's liability "stops short of the line between possibility and plausibility...." *Twombly*, 550 U.S. at 546, 127 S.Ct. 1955 (citation omitted). "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937 (citation omitted).

According to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." RCFC 12(e). Essentially, "[t]he rule 'is designed to remedy unintelligible pleadings, not to correct for lack of detail.'

" *Kuklachev v. Gelfman,* 600 F.Supp.2d 437, 456 (E.D.N.Y.2009) (quoting *Dunlop–McCullen v. Local 1–S RWDSU–AFL–CIO,* 1994 WL 478495, at *1 (S.D.N.Y. Sept. 1, 1994)).

## Arguments

### 1. Plaintiff's Complaint Sets forth Legally Cognizable Claims for Relief.

**A. Sufficient Detail**

Plaintiff's affidavit filed herewith contains the Schedules A and B that Defendants complain deprive them of the necessary specify to defend against this case. Aff. L. Holmberg, Exh. 1-11. Generally, under Rule 12, "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and 'matters of which a court may take judicial notice.' " *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). Plaintiff's affidavit sets out the whole history of the negotiations of the Agreement and shows Schedules A and B were part of the Agreement and at all times known to the parties. This insufficient to defeat Defendants' motion which should be denied.

In addition, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim," either party "may submit an indisputably authentic copy to the court to be considered" in their motion to dismiss filings. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997) (holding that a district court properly

considered a letter that was "frequently referred to and quoted from" in the plaintiff's complaint). Though "matters outside the pleading" may not be considered in deciding a Rule 12 motion to dismiss, documents "necessarily embraced by the complaint" are not matters outside the pleading. *See BJC Health Sys. v. Columbia Cas. Co.*, 348 F.3d 685, 687 (8th Cir.2003); *GFF Corp.,* 130 F.3d at 1384.

Schedules A and B to the Licensing Agreement are clearly and "necessarily embraced by the pleadings." *Enervations, Inc. v. Minnesota Mining & Mfg. Co.,* 380 F.3d 1066, 1069 (8th Cir. 2004) *citing Piper Jaffray Cos. v. Nat'l Union Fire Ins. Co.*, 967 F.Supp. 1148, 1152 (D.Minn.1997). Because the Schedules are embraced by the Complaint and cannot be reasonably disputed, Plaintiff's Complaint sufficiently states claims against Defendants. The motion to dismiss should be denied.

## 2. Claims are Sufficiently Plead Against All Defendants.

Contrary to Defendants' assertions, Plaintiff's Complaint makes sufficient allegations against the individual defendants for interfering with the Licensing Agreement. *See Count 6.* Under Rule 12(b)(6), a plaintiff is only required to offer " 'a short and plain statement,' " showing a plausible claim for relief to survive a motion to dismiss. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929. Plaintiff's Complaint meets this burden against the Defendants. The motion should be denied.

### 3. PLAINTIFF'S COMPLAINT IS NOT FOR PATENT INFRINGEMENT.

Because there are no claims or defenses alleged that arise under the patent laws of the United States, Plaintiff's Complaint should not be required to comply with any law that is not at issue at this stage of the proceedings. Defendants' motion to dismiss Plaintiff's Complaint should be denied.

Defendants removed this action by asserting jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. Notably, Defendants did not assert this Court's jurisdiction under 28 U.S.C. § 1338(a). Yet § 1338(a) jurisdiction extends only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded complaints. *Christianson v. Colt, Indus. Operating Corp.*, 486 U.S. 800, 808-09 (1988).

"Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. Accordingly, if the plaintiff chooses to bring a state law claim, that claim generally cannot be 'recharacterized' as a federal claim for the purpose of removal." *Id.* (citations omitted).

Defendants are attempting to turn a State court action over a contract into an infringement lawsuit under the Patent Act. Plaintiff's action is for breach of contract seeking payment of overdue royalties.

A federal court with diversity-based jurisdiction over a case applies the laws of the forum state in analyzing the underlying claims. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Essex Ins. Co. v. Vincent,* 52 F.3d 894, 896 (10th Cir.1995).

Plaintiff's chosen law should be honored and this case not converted into a Patent infringement action. Plaintiff's pleading is sufficient and the motion should be denied.

Respectfully submitted,

Dated: June 15, 2017

**MKT LAW PLC**

By: s/ Mark K. Thompson
Mark K. Thompson #297343
4927 34th Avenue South
100 Nokomis Professional Building
Minneapolis, Minnesota 55417
(612) 999-2404
mkt@mktlawoffice.com

**ATTORNEYS PLAINTIFF**