UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LARRY HOLMBERG,                                   Case No. 17-CV-1577 (PJS/LIB)

              Plaintiff,

v.

JEFFREY B. PEEL; TARA PEEL;                                ORDER
BENJAMIN B. STERN; BENJAMIN A.
THORUD; TACTACAM, LLC, a/k/a
TACTACAM LIMITED LIABILITY
COMPANY,

              Defendants.


        Mark K. Thompson, MKT LAW PLC, for plaintiff.

        Terrance C. Newby, David E. Suchar, and Jevon C. Bindman, MASLON
        LLP, for defendants.

        This matter comes before the Court on defendants' motion to dismiss or, in the

alternative, for a more definite statement.  Defendants argue that the complaint of

plaintiff Larry Holmberg is deficient in two respects:  First, the complaint does not

identify the specific products that defendant Tactacam, LLC, sold and that triggered

defendant Jeffrey B. Peel's obligation to pay royalties—an obligation that he allegedly

breached.  Second, the complaint does not adequately inform the individual defendants

(save Peel) as to the basis on which Holmberg seeks to hold them personally liable.  The

Court agrees with the first but not the second of defendants' arguments.

As to the first argument:  To recover royalties from Peel, Holmberg must prove

that Tactacam sold a product that was defined as a "Licensed Product" under § 2.2 of

the Holmberg Patent License Agreement ("Agreement").  ECF No. 1-1 at 35.  To prove

that a product sold by Tactacam was a "Licensed Product," Holmberg must prove, in

essence, that the product was covered by a patent owned by Holmberg.  *Id.*  The Court

agrees that the complaint neither gives fair notice of Holmberg's royalty-related claims

nor pleads a plausible basis for those claims because it fails to identify a single product

that Holmberg alleges (1) was sold by Tactacam and (2) was a "Licensed Product"

under the Agreement.

As to the second argument:  Holmberg makes only two substantive claims

against the individual defendants (save Peel).  First, Holmberg alleges that the

individual defendants have been unjustly enriched, because they have benefitted from

Peel's breach of the Agreement.  Second, Holmberg alleges that the individual

defendants tortiously interfered with the Agreement by inducing and assisting Peel to

breach the Agreement in specified ways.

The "general, if not universal rule" is that corporate officers are personally liable

for any torts that they commit, even if they commit these torts on behalf of the

corporation.  *Kamensky v. Roemer Indus., Inc.*, 1 Pa. D. & C. 4th 497, 499 (1988) (quoting

*Wicks v. Milzoco Builders, Inc.*, 470 A.2d 86, 90 (Pa. 1983)).  This rule also "applies to

limited liability companies." *Ventres v. Goodspeed Airport, LLC*, 881 A.2d 937, 964

(Conn. 2005). So "if a member of a limited liability company injures another person

while working in the course of the firm's business, the member is personally liable for

that harm . . . , just as the member would be if he worked for a firm organized as a

corporation, a partnership, or any other business form." *Estate of Countryman v. Farmers

Coop. Ass'n*, 679 N.W.2d 598, 603-04 (Iowa 2004). In other words, "[w]hen . . . a member

or manager commits . . . a tort, whether or not he acts on behalf of his LLC, he is liable

to third persons injured thereby." *Mbahaba v. Morgan*, 44 A.3d 472, 476 (N.H. 2012)

(citing *Sturm v. Harb Dev., LLC*, 2 A.3d 859, 866 (Conn. 2010)). The Court finds that the

complaint gives the individual defendants fair notice of Holmberg's claims against

them and pleads sufficient facts to make those claims plausible.

For these reasons, the Court grants the motion to dismiss. The Court will,

however, give Holmberg leave to file an amended complaint to correct the deficiency

identified above. That amended complaint must identify every "Licensed Product" that

Holmberg contends has been sold by defendants. Moreover, the amended complaint

must, with respect to each such "Licensed Product," identify the patent or patents that

Holmberg contends cover the product. Obviously, if Holmberg should then learn,

during the course of discovery, of additional "Licensed Products" on which he is owed

royalties, he can move for leave to amend his complaint.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1.      Defendants' motion to dismiss [ECF No. 8] is GRANTED.

2.      This matter will be dismissed without prejudice unless Holmberg files an

amended complaint by Friday, September 8, 2017, and in that amended

complaint (a) identifies each "Licensed Product" that Tactacam allegedly

sold and with respect to which Peel allegedly breached his obligation to

pay royalties and (b) with respect to each such "Licensed Product,"

identifies the patent or patents that cover that product.

Dated:  August 11, 2017                          s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge